UNITED STATES, Appellant

v.

WADE WALDON HUTCHISON, Airman Apprentice, U. S. Navy, Appellee

1 USCMA 291, 3 CMR 25

No. 425

Decided April 9, 1952

CDR. Malcom J. Bradbury, USN, for Appellant.
LCDR. Robert H. McCarthy, USNR, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was tried in a special court-martial on board the U.S.S. Wasp. He pleaded guilty to the charge of absence without leave for 7 days, and after proof of four prior convictions was sentenced to a bad conduct discharge, confinement for 3 months, and forfeiture of a portion of his pay for 3 months. The convening and reviewing authorities upheld the findings and sentence. The Navy board of review set aside the findings and sentence and the case has been certified to this Court by The Judge Advocate General of the Navy on the following issue:

"Was the special court-martial without jurisdiction and the proceedings therefore invalid, because the appointed assistant defense counsel, who did not act in the case, was not an officer within the meaning of Article 1 (5), Uniform Code of Military Justice?"

The record of trial reveals that the accused was tried by a special court-martial appointed by the Commanding Officer, U.S.S. Wasp, in his appointing order dated October 16, 1951. The order constituting the court provided for five named members and:

"Lieutenant (junior grade) Juergen G. Scheibner, Trial Counsel, not a lawyer in the sense of Article 27.

Lieutenant (junior grade) Robert K. Hoffman, Assistant Trial Counsel, not a lawyer in the sense of Article 27.

Ensign Savas Hantzes, Defense Counsel, not a lawyer in the sense of Article 27.

Gunner Russel L. Chew, Assistant Defense Counsel, not a lawyer in the sense of Article 27."

Gunner Russel L. Chew, the assistant defense counsel, was a non-commissioned warrant gunner and thus not an officer as defined by Article 1 (5) of the Uniform Code of Military Justice, 50 USC § 551. The issues before us are whether the convening authority could lawfully appoint a non-commissioned warrant gunner as assistant defense counsel, and, having done so, whether this operated to deprive the court of jurisdiction.

No question is raised concerning the jurisdiction of the court-martial over the person of the accused or the subject matter of the offense. The board of review evidently proceeded upon the theory that the court had no jurisdiction due to the failure to appoint court personnel as required by law. There is authority in the Federal cases for the view that a failure to provide defense counsel leaves the court incomplete and deprives it of jurisdiction to proceed. Johnston v. Zerbst, 304 US 458, 82 L ed 1461, 58 S Ct 1019, 146 ALR 357; see Shapiro v. United States, 107 Ct Cl 650, 69 F Supp 205, for an application of this rule to court-martial procedure; Cf. United States v. Clay, (No 49), 1 USCMA 74, 1 CMR 74, decided November 27, 1951. Apparently following the same rule, Paragraph 61f of the 1951 Manual for Courts-Martial makes the equal qualification of counsel, insofar as membership in the Judge Advocate General's Corps or in the bar of a Federal court or the highest court of a State are concerned, a jurisdictional requirement. This paragraph is, however, based on the mandatory provisions of Article 27 of the Code, 50 USC § 591. It is noteworthy and material that the Code contains no express requirement that an accused be provided with assistant defense counsel. Article 27 (a) reads in part as follows:

"For each general and *special court-martial* the authority convening the court shall appoint a trial counsel and a defense counsel, together with such assistants as he deems *necessary or appropriate.*" (Italics supplied).

Even further, there is no express requirement in the Code that assistant defense counsel be an officer—this must be inferred from the language of Paragraph 6 of the Manual which speaks of appointed assistant trial and defense counsel always in terms of "officers". Congress has not, therefore, conferred upon an accused an explicit and absolute right to have any assistant defense counsel appointed, nor to have such counsel, if appointed, be an officer. This case presents, therefore, no violation of a statutory right. Congress has laid out in the Uniform Code of Military Justice the framework within which military courts-martial must function, and a court must step outside that framework before it will lose jurisdiction already properly acquired under the statute. As stated in Romero v. Squier, 133 F2d 528, 532, (CA 9th Cir.):

"The 70th Article of War does not give the right of counsel to the person under investigation. Hence no jurisdictional defect can be claimed under a contention that a court-martial is not a court of general jurisdiction

(Cf. Dynes v. Hoover, 20 How 65, 80, 15 L. Ed. 838), but is a special proceeding requiring that compliance with each step in its attaining its jurisdiction must be shown."

There is here no violation of a mandatory requirement of the Code, and therefore no jurisdictional defect. This answers the question certified, but does not dispose entirely of the defense contentions. It is urged that, jurisdiction aside, Paragraph 6, of the Manual and the spirit of Article 27 of the Code, supra, interpreted in the light of service custom, require that appointed counsel be commissioned officers and that the appointment of Warrant Officer Chew, while admittedly not a jurisdictional defect, nevertheless constituted procedural error prejudicial to the accused. There is considerable merit to this contention insofar as it urges that commissioned officers only should be appointed to serve as assistant trial and defense counsel. In opposition, however, is the statutory provision that the appointment of assistant counsel lies within the discretion of the convening authority. Article 27, supra. No abuse of discretion has

been shown here. But we need not pass upon this issue. Even assuming that the appointment of Warrant Officer Chew constituted error, we fail to see how this error in any way harmed the accused. The accused requested that he be defended by the regularly appointed defense counsel—Ensign Hantzes—and that officer was present throughout the trial. Neither assistant defense nor assistant trial counsel was present during the trial, and the accused lodged no objection to their absence. The accused pleaded guilty to the single charge and specification. No evidence was offered by the prosecution. Appellate defense counsel has not suggested, nor can we conceive, of any reasonable possibility of prejudice under these circumstances.

The question certified by The Judge Advocate General having been answered in the negative and there being here no prejudicial error, the decision of the board of review is reversed and the case is remanded to The Judge Advocate General of the Navy for appropriate action.

Judges LATIMER and BROSMAN concur.