UNITED STATES, Appellee

v

LARRY M. DURHAM, JR., Airman Basic, GENE L. HOWE,
Airman Basic, and ALAN J. GAUTHIER, Airman Basic,
U. S. Air Force, Appellants

15 USCMA 479, 35 CMR 451

No. 18,542

July 9, 1965

*Lieutenant Colonel Andrew S. Horton* argued the cause for Appellants, Accused. With him on the brief were *Colonel Robert O. Rollman* and *Major James E. Caulfield.*

*Major Neil Kasdan* argued the cause for Appellee, United States. With him on the brief was *Colonel Emanuel Lewis.*

## Opinion of the Court

FERGUSON, Judge:

Arraigned and tried before a general court-martial convened at Eglin Air Force Auxiliary Field Number 9, Florida, upon a single specification of robbery, in violation of Uniform Code of Military Justice, Article 122, 10 USC § 922, the accused were duly convicted and each sentenced to bad-conduct discharge, forfeiture of $50.00 per month for nine months, and confinement at hard labor for a like period. With some reduction in the adjudged penalties, intermediate appellate authorities

**479**

affirmed, and we granted accused's petition for review upon the assertion:

"D. THE PRESENCE OF AND PARTICIPATION AT TRIAL OF LIEUTENANT LEWIS AS AN ASSISTANT TRIAL COUNSEL, ALTHOUGH HE WAS NEVER APPOINTED ON ORDERS, CONSTITUTES A JURISDICTIONAL DEFECT RENDERING THE PROCEEDINGS NULL AND VOID."

The record of trial reveals that, although not mentioned in the orders convening the court-martial, a Lieutenant Lewis appeared in court and was sworn as assistant trial counsel. Trial counsel himself was present and prosecuted the case, and there is no question as to the validity of his appointment and his qualifications so to serve. On the record, it would appear that Lieutenant Lewis' participation in the case was limited to making a brief mention of a legal reference during an out-of-court hearing.

An affidavit of trial counsel, filed before this Court by the Government, with the express consent of appellate defense counsel, reveals the circumstances surrounding the "assistant's" participation more extensively. Cf. United States v Johnson, 8 USCMA 173, 23 CMR 397; United States v Roberts, 7 USCMA 322, 22 CMR 112. It recites Lewis was a young attorney recently assigned to Eglin Air Force Base, who had not yet been certified as competent to perform the duties of trial or defense counsel. Cf. Code, supra, Article 27, 10 USC § 827. He possessed limited experience in criminal trials and desired to observe the proceedings against the accused. For that purpose and out of courtesy, trial counsel invited him to sit within the bar at the prosecution's table, the defense location being filled with the three accused and their separate counsel, who were fully aware of Lewis' presence and actual status. In addition, trial counsel felt it would be convenient to have someone present who might assist him in various ministerial matters during the course of the trial.

When the law officer became aware of Lewis' presence and the intent that such continue throughout the trial, he suggested that the young officer be sworn as a member of the prosecution in order to explain his "presence at the counsel table and dignifying somewhat his appearance with the other Counsel engaged in the case." Such was accomplished with the full knowledge, understanding, and approval of all trial defense counsel. According to the affidavit, Lieutenant Lewis had in no way participated in the preparation of the case for trial, and during the proceedings, "was primarily an observer, and assisted me only occasionally by taking notes and referring to the file." He "spoke only once," as detailed on the record and set out above.

A general court-martial consists "of a law officer and not less than five members." Code, supra, Article 16, 10 USC § 816. In a case such as that now before us, the membership may be made up of either commissioned or warrant officers and, in the event of a proper request, must be composed of at least one-third enlisted persons unless they "cannot be obtained on account of physical conditions or military exigencies." Code, supra, Article 25, 10 USC § 825; United States v Crawford, 15 USCMA 31, 35 CMR 3. The law officer is required to be "a commissioned officer who is a member of the bar of a Federal court or of the highest court of a State and who is certified to be qualified for such duty by the Judge Advocate General." Code, supra, Article 26, 10 USC § 826.

For each such general court-martial, the authority convening the court, whose identity is generically specified in Code, supra, Article 22, 10 USC § 822, is required to "detail trial counsel and defense counsel, and such assistants as he considers appropriate." Code, Article 27, 10 USC § 827. Trial counsel and defense counsel thus appointed, in the Army and Air Force, must be judge advocates who are graduates of accredited law schools, or members of the Federal bar or that of the highest court of a State. In addition, they must be certified as competent to perform their duties by the appropriate Judge Advocate General. Code, supra, Article 27.

In United States v Robinson, 13 USCMA 674, 33 CMR 206, we made

clear that strict compliance with the mandatory provisions of the statutes involved was essential to the jurisdiction of a general court-martial. Speaking of the law officer alone seeking to act prior to the convening of a court, we said, at page 678:

". . . Nowhere in the Code is there anything which could be construed as constituting the law officer as a court independent of the corporate body of the court-martial. . . . To the contrary, Article 16(1), Uniform Code of Military Justice, 10 USC § 816, makes it abundantly clear that a properly constituted general court-martial requires both a law officer and 'not less than five members.' Manifestly, the law officer cannot take the place of such requisite members."

In *Robinson,* supra, we adverted at length to McClaughry v Deming, 186 US 49, 46 L ed 1049, 22 S Ct 786 (1902), and Runkle v United States, 122 US 543, 30 L ed 1167, 7 S Ct 1141 (1887). In the former case, it was pointed out, at page 62:

". . . A court-martial is the creature of statute, and, as a body or tribunal, it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction."

And in Runkle v United States, the Supreme Court once again declared, at page 555:

"A court martial organized under the laws of the United States is a court of special and limited jurisdiction. It is called into existence for a special purpose and to perform a particular duty. When the object of its creation has been accomplished it is dissolved. . . . To give effect to its sentences it must appear affirmatively and unequivocally that the court was legally constituted; that it had jurisdiction; that all the statutory regulations governing its proceedings had been complied with, and that its sentence was conformable to law."

We reiterate these principles to emphasize the exacting requirements necessary to creation and ▮▮▮▮▮▮ ▮ maintenance of a valid military tribunal, with the authority to hear and dispose of criminal cases. It is absolutely essential to existence of such judicial power that there be statutory authority to appoint the court; that the members be duly named and competent to serve, as set forth in the enactment; and that the law officer likewise be empowered under the legislation to fulfill his office. Cf. United States v Law, 10 USCMA 573, 28 CMR 139; United States v Harnish, 12 USCMA 443, 31 CMR 29. These prerequisites are mandatory in order to bring into being a general court-martial, United States v Robinson, supra, but does the composition of the tribunal also extend to the appointment of an assistant trial counsel, so that the failure to place him on the court deprives it of the authority to proceed, as in the case of an unnamed member? We conclude that it does not, although his unappointed participation, as the Government concedes, constitutes error and, under some circumstances, may prejudice the rights of the accused. Cf. United States v Guest, 3 USCMA 147, 11 CMR 147; United States v Knothe, 67 BR 129.

First, as noted above, Code, supra, Article 27, does not require the appointment of assistant counsel by the convening authority in any case. To the contrary, while it states he *"shall* detail trial counsel and defense counsel" (emphasis supplied), it only provides that assistants will be named "as he considers appropriate." Code, supra, Article 27.

Secondly, in construing predecessor legislation to the Uniform Code, the Supreme Court was specifically faced with the contention that a general court-martial was deprived of its jurisdiction by the participation of a trial counsel (then called the judge advocate) who had not been appointed as such by competent authority or sworn. Of this and similar errors urged as jurisdictional, the Court said:

"It was the opinion of the court . . . [below] that the errors so assigned could not be reviewed col-

**481**

laterally, and that they did not affect the legality of the sentence; and in so holding we think that court followed the authorities. *Such questions were merely those of procedure, and the court-martial having jurisdiction of the person accused and of the offense charged, and having acted within the scope of its lawful powers, its proceedings and sentence cannot be reviewed or set aside. . . .*" [Swaim v United States, 165 US 553, 561, 41 L ed 823, 826, 17 S Ct 448, 451 (1897).] [Emphasis supplied.]

In like manner, this Court held in United States v Hutchison, 1 USCMA 291, 3 CMR 25, a court-martial's jurisdiction was not affected by appointment of a warrant officer as assistant defense counsel. There, the Chief Judge succinctly observed, "There is here no violation of a mandatory requirement of the Code, and therefore no jurisdictional defect." United States v Hutchison, supra, at page 293. See also United States v Goodson, 1 USCMA 298, 3 CMR 32, and United States v Ferwerda, 7 BR–JC 313.

Finally, while not completely dispositive in light of the special and limited nature of military jurisdiction, we note that the ordinary Federal courts similarly measure the unauthorized participation of an attorney as assistant prosecutor by the rod of prejudicial, rather than jurisdictional, error. Home News Publishing Company v United States, 329 F2d 191 (CA 5th Cir) (1964) ; United States v Denton, 307 F 2d 336 (CA 6th Cir) 1962. In sum, our own decisions, those of the ■ Supreme Court, and those of other Federal courts all lead inevitably and logically to the conclusion that, once compliance with the Code is shown as to the appointment of the essential personnel of the court-martial, participation by an unauthorized assistant counsel does not deprive the court of its authority to proceed and hear the case.

Turning to the actual presence of Lieutenant Lewis at the trial, the Government, as noted above, ■ concedes such to be error, and we agree. There remains, however, the question of prejudice, and our examination of the record and affidavit filed here indicate that Lewis' participation, limited as it was, presented no fair risk of harm to the accused's substantial rights. Thus, we note the entire prosecution remained in the hands of the appointed trial counsel; that it is unrebutted that Lieutenant Lewis, with the knowledge and consent of all counsel, was present principally as an observer; and that his participation amounted to no more than making one reference to a legal authority in an out-of-court hearing and assisting the trial counsel in a ministerial capacity. Accused point to no way in which they were prejudiced by Lewis' actions, and we can perceive none. We nevertheless reiterate our belief that such error, under some circumstances, might be clearly prejudicial, cf. United States v Guest, supra, and point out that proper attention to procedural matters below will eliminate any possibility of the question again arising. Failure to take the brief step necessary to have counsel properly appointed becomes an expensive omission, indeed, if the price the Government must pay is appellate reversal, with a concomitant rehearing. And see United States v Cruz, 10 USCMA 458, 462, 28 CMR 24, 28, wherein the views of this Court are expressed with regard to lack of compliance with positive codal requirements "in the interest of time."

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.