UNITED STATES

v.

**Senior Airman Charles L. WHITE, FR 218–70–8555 and Airman First Class Ronald B. Barrick, FR 208–38–3414, 4500th Security Police Squadron, 4500th Air Base Wing (TAC).**

ACM 22218.

U. S. Air Force Court of Military Review.

15 July 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Gary C. Smallridge.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before BUEHLER, Chief Judge, and HERMAN and ORSER, Judges.

DECISION

BUEHLER, Chief Judge:

In a joint trial by general court-martial with members, the accused, in accordance with their pleas, were convicted of two offenses of robbery and one offense of wrongful appropriation in violation of Articles 122 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 922, 921. Each accused was sentenced to a dishonorable discharge, confinement at hard labor for 3 years, total forfeitures and reduction to airman basic.

In their first assignment of error, counsel complain that

THE ANNOUNCED SENTENCES WERE ILLEGAL IN THAT THREE-FOURTHS OF THE COURT MEMBERS CONCURRED WHEN ONLY TWO-THIRDS OF THE MEMBERS WERE REQUIRED TO CONCUR IN THE SENTENCE.

The military judge correctly instructed the court that proposed sentences must be voted on by secret written ballot, beginning with the lightest until a sentence is adopted by the concurrence of the required number of members. Thereafter, he advised the members that if the sentence included confinement at hard labor for more than ten years, three-fourths of the members present when the vote is taken must concur in the sentence to be adjudged; only two-thirds must concur in a lesser sentence.

When announcing the sentence as to the accused White, the president of the court initially prefaced his announcement of the

required percentage with the statement, "all members—". He was immediately interrupted by the military judge who advised, "Announce only the required percentage that was required. You have a choice there of either two-thirds or three-fourths." Thereafter, when announcing the sentence as to each accused, the president expressed the percentage of the members concurring as "three-fourths."

 While the erroneous use of a greater percentage when voting on findings can only inure to the benefit of an accused, the same is not true when court members vote on a sentence. Since voting starts with the lightest proposed sentence, which if adopted immediately becomes the sentence of the court,[1] it is plain error for a court to require the concurrence of more than the smallest percentage of members.

 The president of this court-martial has filed an affidavit with this Court through appellate government counsel, unopposed by appellate defense counsel.[2] It establishes that the court did, in fact, follow the instructions of the military judge and that the sentences announced were, in fact, those first concurred in by the required two-thirds majority. We are therefore convinced that there was no deviation from the prescribed voting procedures.[3]

We have carefully considered the remaining assignments of error and find them to be without merit. Accordingly, the findings and sentence are

` AFFIRMED.

HERMAN and ORSER, Judges, concur.

---

1. Manual for Courts-Martial, 1969 (Rev.), paragraph 76b (2) and (3).

2. Cf. *United States v. Durham,* 15 U.S.C.M.A. 479, 35 C.M.R. 451 (1965); *United States v. Johnson,* 8 U.S.C.M.A. 173, 23 C.M.R. 397 (1957); *United States v. Roberts,* 7 U.S.C.M.A. 322, 22 C.M.R. 112 (1956).

3. It would have been better practice for the military judge to seek clarification for the record prior to adjourning the court, a procedure contemplated by paragraph 77c of the Manual for Courts-Martial, supra, and sanctioned by this Court in *United States v. Bates,* No. 21986, 1 M.J. 841 (A.F.C.M.R. 12 April 1976).