UNITED STATES

v.

Ricky T. BLAND, 349 50 0432, Airman Apprentice (E–2), U. S. Navy.

NCM 78 0304.

U. S. Navy Court of Military Review.

19 Oct. 1978.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LT Richard A. Joyce, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, ROOT and GREGORY, JJ.

ROOT, Judge:

The appellant, at his special court-martial, elected to be tried by a court composed of officers and enlisted personnel. Among the members there lurked an officer of the Medical Service Corps, a military component tasked with the performance of medical duties.

Appellant now avers that because of the circumscriptions of Article 24 of the Geneva Convention for the Amelioration of the Condition of the Wounded and Sick in Armed Forces in the Field,[1] hereinafter referred to as GWS, and the provisions of Article 0845, U. S. Navy Regulations, 1973, the Medical Service Corps officer was ineligible to participate as a member of the court-martial and, therefore, the court in this case lacked jurisdiction. He analogizes *United States v. Durham*, 15 U.S.C.M.A. 479, 481, 35 C.M.R. 451, 453 (1965).

The *Durham* case related to the question of the presence and participation at trial of an assistant trial counsel who was not listed in the appointing order, but who was sworn at trial and had a minor part in the trial. The case construed Article 27, Uniform Code of Military Justice, 10 U.S.C. § 827. The Court of Military Appeals noted in *dictum* that: " . . . [I]t is absolutely essential to existence of such judicial power that there be statutory authority to appoint the court; that the members be duly named and competent to serve, as set forth in the

1. August 12, 1949, 6 U.S.T. 3114, T.I.A.S. No. 3362.

enactment. . . . [T]hese prerequisites are mandatory in order to bring into being a general court-martial. . . . " *United States v. Robinson*, 13 U.S.C.M.A. 674, 33 C.M.R. 206 (1963) is cited in support of this proposition. *Robinson* and *Durham* advert to two old Supreme Court cases, *McClaughry v. Deming*, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049 (1902), and *Runkle v. United States*, 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887), portions of which are quoted in both *Robinson* and in *Durham*.

*Runkle*, however, concerns a situation in which an Army major was sentenced to confinement, a fine, and to be cashiered from the service. The question involved was whether or not the case had been finally approved by the President in accordance with the statute. It concludes: "All this is equally true of the proceedings of courts-martial. Their authority is statutory, and the statute under which they proceed must be followed throughout."

In *McClaughry*, the question concerned the power of an officer convening a court-martial for the trial of an officer of volunteers to compose that court entirely of officers of the Regular Army. The then current statute provided: " . . . Officers of the Regular Army shall not be competent to sit on courts-martial to try the officers or soldiers of other forces. . . . " The court posed and answered the following question:

> It is one act, appointing the members of and convening the court, and in performing that act the officer plainly violated the law. Is such a court a valid court and the members thus detailed de facto officers of such valid court? Clearly not.

It is to be noted, however, that *McClaughry* is a case in which all members of the appointed court were, under the statute, not competent to try members of other forces. The Supreme Court then goes on in the same case to cite with approval and to distinguish *Kohl v. Lehlback*, 160 U.S. 293, 16 S.Ct. 304, 40 L.Ed. 432 (1895), in which one member of a jury was statutorily ineligible to sit as a juror:

> . . . [I]t was held that in New Jersey the alienage of a juror participating in a trial was a subject of challenge when he was called; that it was for the state court to decide whether the verdict of conviction should be set aside on his motion when the accused did not interpose such challenge when the juror was drawn. The principle of that case does not apply here. It was an objection to a single juror, and was ground for a personal challenge. The presence of an alien on the jury did not render the court an illegal one, had no effect upon its jurisdiction over the person of the defendant or the subject-matter of the indictment, and therefore did not render the trial a nullity. The case at bar differs in all these facts, and the court, having been illegally constituted, had no jurisdiction to try the offender for any offense whatever, even with his consent.

> It may also be said that the disqualification of a particular juror is brought before the court by a challenge in regard to the decision of which the juror takes no part. In this case no provision having been made for a challenge to the whole court, the challenge must have been to each member thereof, separately, and the officers to try the challenge would have to decide a question existing in the case of each of such officers precisely to the same extent that was presented in the case of the officer challenged, so that in effect each would be passing upon a challenge in his own case. We do not say that this fact alone creates the difference between the two cases. The material and all pervading fact constituting that difference is that the whole court is in the one case constituted in utter violation of the command of the statute, while in the case cited the court was legal, had jurisdiction over the subject-matter and over the person, and the sitting of one disqualified juror being a cause of personal challenge is waived by the failure to interpose it. 186 U.S. 49, 66, 22 S.Ct. 786, 793.

*Kohl, supra*, citing numerous supporting authorities, specifically holds in connection with the service on a case of a juror who was not qualified under state law:

In any view, we cannot hold, on this petition, that petitioner has been denied due process of law, or that protection of the laws accorded to all others similarly situated.

The final caveat in *McClaughry* is:

The question of who shall act on courts-martial for the trial of offenders belonging to the various branches of the Army of the United States is one entirely for Congress to determine.

■ Having determined that the governing statute must determine who is competent to be a member of courts-martial boards, and that the statute must be strictly construed, we look to the statute governing the composition of courts-martial, the Uniform Code of Military Justice, 10 U.S.C. §§ 801–940.

Article 25, Uniform Code of Military Justice (10 U.S.C. § 825), provides in part:

(a) Any commissioned officer on active duty is eligible to serve on all courts-martial for the trial of any person who may lawfully be brought before such courts for trial.

\* \* \* \* \* \*

No member of an armed force is eligible to serve as a member of a general or special court-martial when he is the accuser or a witness for the prosecution or has acted as investigating officer or as counsel in the same case.[2]

■ Clearly, the Medical Service Corps officer was eligible under our statute to be a member of the court-martial panel in this case.

Returning now to the appellant's contention that a medical officer's participation as a member of a court-martial which is unrelated to the administration of a medical unit is contrary to the provisions of GWS, we give such argument short shrift. Article 25 of that Convention provides:

Medical personnel exclusively engaged in the search for, or the collection, transport or treatment of the wounded or sick, or in the prevention of disease, staff exclusively engaged in the administration of medical units and establishments, as well as chaplains attached to the armed forces, shall be respected and protected in all circumstances.

■ We see nothing in that provision which proscribes the use of medical personnel in courts-martial which are unrelated to the administration of medical commands or units. This article clearly states that those personnel who *are* exclusively engaged in medical purposes, shall be respected and protected in all circumstances. Nowhere does it provide that such personnel *cannot* perform line or combatant duties. We conclude, therefore, that although there may be sound reasons for not utilizing medical personnel in such duties, no violation of GWS exists.

Appellant also complains that appointment of a Medical Service Corps officer to a court-martial violates the terms of U.S. Navy Regulations, Article 0845, which provides:

Members of Medical, Dental, Chaplain, Medical Service, Nurse, or Hospital Corps and Dental Technicians shall be detailed or permitted to perform only such duties, in peace or war, as are related to medical, dental, or religious service and the administration of medical, dental, or religious units and establishments. Such duties are in accord with the permissible functions of the Geneva Conventions of August 12, 1949.

■ While we think that this regulation constitutes a voluntary self-limitation on the part of the Navy as to who may be appointed to sit on courts-martial, it does not affect the statutory competency of the individual to be appointed to a court-martial. We conclude, therefore, that this is not a case in which a member who was statutorily ineligible to sit as a member was, nevertheless, included in the membership of the panel. No impediment to juris-

---

2. There is no contention, and there is no evidence in the record, which shows that the officer concerned was disqualified by reason of being an accuser, a witness for the prosecution, or that he had acted as an investigating officer or counsel in this case.

diction exists in this case. Further, we find no due process or equal protection issue in this case. *Kohl v. Lehlback, supra.*

If the appellant feels aggrieved that a Medical Service Corps officer was named to his court-martial panel, we think that he had his opportunity at trial to challenge this appointment on the grounds that it violated Navy Regulations. Having failed to do so, he has waived his right to challenge the error. *United States v. Dyche*, 8 U.S.C. M.A. 430, 24 C.M.R. 240 (1957). The law does not require that he be given a second bite at the apple.

Accordingly, the findings and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge GREGORY, concur.