UNITED STATES, Appellee

v

SYLVESTER COLEMAN, Corporal, U. S. Marine Corps, Appellant

19 USCMA 524, 42 CMR 126

No. 22,718

July 2, 1970

*Captain John N. Stafford,* USMCR, argued the cause for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.,* JAGC, USN, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Charles J. Keever,* USMC.

## Opinion of the Court

DARDEN, Judge:

In this case the person who served as defense counsel had been designated a trial counsel in the order appointing the general court-martial. The record of trial contains no later appointing order relieving him from his earlier designation of trial counsel. Our review is directed to whether the defense counsel was properly appointed.

Before a general court-martial at Camp Lejeune, North Carolina, the appellant pleaded guilty to charges of unauthorized absence, desertion, and breach of restriction. After action by intermediate appellate authorities, his sentence now stands as a dishonorable discharge, total forfeitures, confinement at hard labor for twenty-two months, and reduction to pay grade E-1.

At the beginning of the trial, the trial counsel announced that although Captain Stephen A. Bamberger was named as a member of the prosecution in the appointing orders he "has not engaged in any way as prosecution in this case." He stated further that "[n]o member of the prosecution named in the convening order, with the exception of Captain BAMBERGER who is acting as Defense Counsel in this case, has acted as investigating officer, law officer, court member, or as a member of the defense in this case, or as counsel for the accused at a pretrial investigation or other proceedings involving the same general matter." He obviously intended that these statements would show compliance with Article 27(a), Uniform Code of Military Justice, 10 USC § 827, which provided at the time of trial that:

"For each general and special court-martial the authority convening the court shall detail trial counsel and defense counsel, and such assistants as he considers appropri-

ate. No person who has acted as investigating officer, law officer, or court member in any case may act later as trial counsel, assistant trial counsel, or unless expressly requested by the accused, as defense counsel or assistant defense counsel in the same case. No person who has acted for the prosecution may act later in the same case for the defense, nor may any person who has acted for the defense act later in the same case for the prosecution."

Later Captain Bamberger announced that he had not acted as a member of the prosecution and that he would defend the appellant. The law officer then advised the appellant of his several choices respecting counsel. The appellant replied that he desired to be represented by Captain Bamberger and that other defense counsel named in the appointing order were excused.

An affidavit by the deputy staff judge advocate in the office of the convening authority avers that trial counsel and defense counsel were rotated every six to eight months and that inexperienced officers normally were assigned first to work as trial counsel, with reassignment after they developed competence and experience. The affidavit continues that Captain Bamberger had been assigned as defense counsel in cases beginning in February 1969 but that the convening authority had not signed new appointing orders at the time this case was tried on March 25, 1969.

Paragraph 6a of the Manual for Courts-Martial, United States, 1969, provides that "[i]n the absence of evidence to the contrary, a person who, between the time the case has been referred for trial and the trial, has been a detailed counsel or assistant counsel of the court to which the case has been referred, shall be deemed to

have acted as a member of the prosecution or the defense, as the case may be." The statements by trial counsel and by defense counsel that the latter had not acted for the prosecution can be regarded as "evidence to the contrary" to negate this Manual provision. We also agree that Captain Bamberger was not disqualified under Article 27, Code, supra, as defense counsel. Without repeating this Court's many exhortations about the avoidance of evil and the appearance of evil, we hold that an appointing order correctly designating the role of the counsel who function in a case is necessary to comply with the requirement of Article 27(a), Uniform Code of Military Justice, that the convening authority detail the defense counsel for the particular case involved.

In United States v Goodson, 1 USCMA 298, 3 CMR 32 (1952), the trial counsel was a noncommissioned warrant officer. The Manual required that appointed counsel be officers, although Article 27 of the Code does not expressly require this. This Court held the appointment of a noncommissioned warrant officer to be a defect not of a jurisdictional nature. In United States v Durham, 15 USCMA 479, 35 CMR 451 (1965), the issue was whether the presence and participation at trial of an assistant trial counsel who had not been officially appointed as such was jurisdictional error. In holding that such participation without official detail was not jurisdictional error, the Court pointed out that Article 27 of the Code requires detail of trial counsel and defense counsel but that the appointment of assistants is as the convening authority "considers appropriate." The circumstances of the instant case are different from Goodson and Durham; here the issue was whether Captain Bamberger had been properly detailed in compliance with Article 27.

In this record of trial the appellant was informed that Captain Bamberger had been appointed as his defense counsel. The record contains nothing to show that the convening authority had made such an appointment. The basis for the statement that Captain Bamberger had been appointed must have been an anticipation that the convening authority later would make such an appointment. The continued listing of the defense counsel as a trial counsel in the appointing order effective at the time of the trial is an unacceptable deviation from regularity. A potential for abuse inheres in this practice and excusing such defects invites slipshod extensions into other critical areas of procedure.

The decision of the Court of Military Review is reversed and the charges are ordered dismissed.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

In my opinion, the majority elevate form over substance, a procedure we have consistently avoided. United States v Thompson, 11 USCMA 5, 8, 28 CMR 229 (1959). The record of trial demonstrates the accused affirmatively accepted Captain Bamberger as his counsel and was desirous of proceeding with the trial with Captain Bamberger as his counsel. In addition, it appears that, previous to trial, the accused submitted to the convening authority an offer to plead guilty. In that offer, he indicated he was satisfied with his "Defense Counsel" and that counsel had fully informed him of his rights as an accused. Captain Bamberger witnessed the agreement as defense counsel. Indisputably, therefore, the accused was represented at all critical stages of the proceedings against him by qualified counsel. The purpose of naming a defense counsel in the order appointing the court-martial was thus served. When the purpose of a required procedure is fully satisfied, technical defects are not prejudicial. United States v Tibbs, 15 USCMA 350, 35 CMR 322 (1965). I would, therefore, affirm the decision of the United States Navy Court of Military Review.