UNITED STATES, Appellee

v

LAWRENCE WILLIAMS, Private First Class, U. S. Army, Appellant

21 USCMA 459, 45 CMR 233

No. 24,916

June 23, 1972

*Captain Arpiar G. Saunders, Jr.*, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Arnold I. Melnick*.

*Captain Thomas G. McMahon* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Ronald M. Holdaway*.

## Opinion of the Court

DUNCAN, Judge:

We granted review in this case to determine whether it was prejudicial error for a member of the prosecution listed in the appointing orders to appear and act as the accused's defense counsel.

On October 22, 1970, the appellant was charged with two specifications alleging possession and sale of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934.

At the Article 32 investigation he was represented by Captain Jacobsen, individually selected counsel. On December 5, 1970, these charges were referred to a general court-martial convened by Order # 23, dated September 22, 1970. On December 16, 1970, the case was referred to a general court-martial convened by Order # 1, dated December 16, 1970.[1]

---

[1] The appointment of a new court was occasioned by a change in command.

At trial on January 13, 1971, trial counsel announced that "Captain Craig C. Jacobsen, who is listed on the convening order as Assistant Trial Counsel . . . is here as individually selected, requested, defense counsel in this case." After further identifying, for the record, the others present, trial counsel stated:

"No member of the prosecution named in the convening order has acted as investigating officer, military judge, or court member. However, a member listed in the prosecution is acting as a member of the defense in this case.

"MJ Now, Captain Jacobsen, now I think is the time to clear this up. This convening order was dated 16 December 1970. When did you become counsel for this accused?

"IC October 21st, 1970, your honor.

"MJ I see. Have you in any way whatsoever participated in or assisted in the preparation of the prosecution of this case?

"IC I have not, your honor.

"MJ Are the counsel for the government aware of the attorney-client relationship of Private Williams?

"IC They are, sir.

"MJ Now, Private Williams, just sit still but speak up loud and clear. You know that your lawyer, Captain Jacobsen, has been put on these orders as assistant prosecutor, you're aware of that?

"ACCUSED Yes, I am.

"MJ Now I know he was your lawyer before he was put on these orders. Do you still want him to be your lawyer in this case?

"ACCUSED Yes, sir.

"MJ Even though he is listed on the order as assistant prosecutor?

"ACCUSED Yes, your honor."

Thereafter, the military judge informed the appellant of his right to counsel (Article 38(b), Code, supra, 10 USC § 838) and learned from him that he had personally excused the appointed defense and assistant defense counsel named in the convening order. The appellant expressed a desire to be defended by Captain Jacobsen alone. The judge also obtained from Captain Jacobsen assurances that he had in no way acted for the prosecution or in any other disqualifying manner in this case.

The appellant contends that the appointment of Captain Jacobsen as assistant trial counsel for the court which tried him[2] was in violation of the specific provisions of Article 27(a), Code, supra, 10 USC § 827, and of the attorney-client relationship. His continued listing as a member of the prosecution while serving as defense counsel was an "unacceptable deviation from regularity" (United States v Coleman, 19 USCMA 524, 526, 42 CMR 126 (1970)) requiring reversal.

We disagree. We believe that United States v Coleman, supra, is distinguishable on its facts.

Coleman was defended by appointed military counsel, Captain Bamberger. At the outset of the trial, trial counsel announced that although defense counsel, Captain Bamberger, was listed in the convening order as a member of the prosecution, he had not acted on behalf of the Government or in any other manner proscribed by Article 27 (a), Code, supra. Captain Bamberger made a similar pronouncement and stated that he would defend Coleman. The presiding officer, after explaining to Coleman his several choices respecting counsel, learned that Coleman desired to be represented by Captain Bamberger alone and had excused the defense counsel named in the appointing order. An affidavit filed by the deputy staff judge advocate in the office of the convening authority disclosed that in that command trial counsel and defense counsel rotated positions every six to eight months; that inexperienced officers normally

<hr>

[2] Captain Jacobsen was not listed as counsel for either the prosecution or defense on the court to which the appellant's case was originally referred.

were assigned first to work as trial counsel, with reassignment after they developed competence and experience; and that Captain Bamberger had been assigned as defense counsel in cases beginning in February 1969, but that the convening authority had not signed new appointing orders at the time the case was tried on March 25, 1969.

In reversing Coleman's conviction, we said:

"In this record of trial the appellant was informed that Captain Bamberger had been appointed as his defense counsel. The record contains nothing to show that the convening authority had made such an appointment. The basis for the statement that Captain Bamberger had been appointed must have been an anticipation that the convening authority later would make such an appointment. The continued listing of the defense counsel as a trial counsel in the appointing order effective at the time of the trial is an unacceptable deviation from regularity. A potential for abuse inheres in this practice and excusing such defects invites slipshod extensions into other critical areas of procedure."

In the case at bar, Captain Jacobsen, rather than having been appointed to defend the appellant as was counsel in *Coleman*, was personally selected by him. In fact Jacobsen had established an attorney-client relationship with the appellant and had acted on his behalf for almost three months prior to trial. Since Jacobsen had been individually selected there was no need or occasion to list him in the orders convening the court. While he should not have been designated therein as a member of the prosecution team (Article 27(a), Code, supra, and paragraph 6a, Manual for Courts-Martial, United States, 1969 (Revised edition)), this designation, in our opinion, did not prejudice the substantial rights of the appellant. See Article 59(a), Code, supra, 10 USC § 859. The designation of Captain Jacobsen as assistant trial counsel did not, under the circumstances of this case, serve to interfere with the established attorney-client relationship.

We have no way of knowing why the court-martial convening order was not modified (paragraph 37c(1), Manual, supra) for this case alone. Clearly, Captain Jacobsen was statutorily disqualified from participation in this case as a member of the prosecution. United States v Green, 5 USCMA 610, 18 CMR 234 (1955).

Accordingly, the decision of the Court of Military Review is affirmed.

Chief Judge DARDEN and Judge QUINN concur.