UNITED STATES, Appellee

v

MAX LEROY PHILLIPS, Sergeant, U. S. Marine Corps, Appellant

22 USCMA 4, 46 CMR 4

No. 25,379

October 27, 1972

*Lieutenant David G. Grimes, Jr.*, JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant David M. Shaw*, JAGC, USNR.

*Lieutenant E. Alan Hechtkopf*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Commander Michael F. Fasanaro, Jr.*, JAGC, USN, and *Lieutenant Colonel George L. Bailey*, USMC.

### Opinion of the Court

DARDEN, Chief Judge:

Before this Court, the accused contends the court-martial that tried him lacked jurisdiction because of the improper and unauthorized presence of counsel.

The charges against accused were referred to trial before a general court-martial appointed by the Commanding General, 3d Marine Aircraft Wing. The appointing order named several trial counsel, including Captain James H. Holloman, Jr. At the trial, the defense counsel announced the accused would be defended by himself and by Captain Holloman as associate defense counsel. Trial counsel declared that the convening authority had orally modified the appointing orders to reassign Captain Holloman to the defense staff, at the accused's request, and that written confirmation of his action was forthcoming. The record contains an appropriate modification of the appointing orders, reassigning Captain Holloman as defense counsel.

Accused, questioned by the military judge, specifically stated that he wished to be represented by Captain Holloman as individual counsel. While the record contains no disclaimer by Holloman of previous action on behalf of the Government, an affidavit filed here by the United States declares that he participated in the case only as individual military counsel for the accused; that the entire prosecution effort was conducted by Captains Richard A. Muench and Robert W.

Detrick; and that Holloman had never assumed any prosecutorial duties in any case under the appointing orders involved here. The affidavit indicates that Holloman's pretrial representation of the accused as individual counsel led to reduction of the original murder charge against him to involuntary manslaughter. The affidavit is properly before this Court and is entitled to our consideration. See United States v Coleman, 19 USCMA 524, 42 CMR 126 (1970); United States v Sayers, 20 USCMA 462, 43 CMR 302 (1971).

Notwithstanding the foregoing, accused contends that our decision in United States v Coleman, supra, requires reversal here, particularly since the record contains no disclaimer of Captain Holloman's earlier participation as a member of the prosecution. See *Coleman*, supra, at page 526, and paragraph 6c, Manual for Courts-Martial, United States, 1969 (Revised edition). We disagree.

In United States v Coleman, supra, a member of the prosecution undertook to serve as accused's detailed defense counsel without appointment to that position and while still named in orders as trial counsel. The Court held this to be an unacceptable deviation from regularity, containing a potential for abuse sufficient to cause reversal.

Unlike counsel in *Coleman*, supra, Captain Holloman was formally relieved as a member of the prosecution and reassigned to the defense staff. This action was in response to the accused's request. Moreover, the affidavit makes clear that Holloman never participated in the case on behalf of the United States but, to the contrary, acted for the accused prior to the trial.

The situation presented is more apposite to that in United States v Williams, 21 USCMA 459, 45 CMR 233 (1972). There, as here, a member of the prosecution was specifically requested by the accused to defend him. There, as here, the requested counsel had not previously acted on behalf of the Government. And, in this case, unlike *Williams*, supra, counsel was formally relieved as a member of the prosecution. In *Williams* we distinguished United States v Coleman, supra, and found no prejudice in counsel's former assignment as a prosecutor. The facts in this case compel the same conclusion.

The decision of the Court of Military Review is affirmed.

Judges QUINN and DUNCAN concur.