Oscar WRIGHT, Private, U.S. Marine
Corps, Petitioner,

v.

UNITED STATES, Respondent.

No. 30,096.

U. S. Court of Military Appeals.

July 16, 1976.

*Lieutenant Howard L. Schwartz, JAGC,
USNR,* argued the cause for Petitioner, Accused. With him on the pleadings was *Lieutenant Michael C. Barr, JAGC, USNR.*

*Lieutenant Commander Harvey E. Little,
JAGC, USN,* argued the cause for Respondent, United States. With him on the pleadings was *Lieutenant Colonel P. N.
Kress, USMC.*

### OPINION OF THE COURT

FLETCHER, Chief Judge:

The petitioner was tried by general court-martial on July 2, 18, and 19, 1974, of various charged offenses under the Uniform Code of Military Justice.[1] On May 21,

---

1. In accordance with his pleas, the petitioner was convicted of violating a lawful general regulation by possessing a stiletto and of willful disobedience of an order of a superior commissioned officer, contrary to Articles 92 and 90, respectively, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 890. Additionally, but contrary to his pleas, the petitioner was convicted of assault thereby intentionally inflicting grievous bodily harm, two specifications of disrespect to superior commissioned officers, and conspiracy to assault, in violation of Articles 128, 89, and 81, respectively, UCMJ The convening authority approved the findings and the sentence, consisting of a bad-conduct discharge, confinement at hard labor for 21 months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade, ex-

1975, this Court denied his petition for grant of review, 23 U.S.C.M.A. 652, and on June 16, 1975, we denied his petition for a new trial, 23 U.S.C.M.A. 701. The case now is before us on a petition for extraordinary relief seeking issuance of a writ of error coram nobis.

The trial counsel of the general court-martial which convicted the petitioner has since had his certification withdrawn because it was obtained fraudulently in the first instance. As the general court-martial which convicted him lacked a qualified trial counsel,[2] the petitioner alleges that his conviction must be set aside for want of court-martial jurisdiction.

The Government acknowledges that the trial counsel was not qualified within the meaning of Article 27(b), Uniform Code of Military Justice, 10 U.S.C. § 827(b), which, in pertinent part, provides:

> Trial counsel . . . detailed for a general court-martial—
>
> (1) must be a judge advocate of the Army, Navy, Air Force, or Marine Corps or a law specialist of the Coast Guard, who is a graduate of an accredited law school or is a member of the bar of a Federal court or of the highest court of a State; or must be a member of the bar of a Federal court or of the highest court of a State; and
>
> (2) must be certified as competent to perform such duties by the Judge Advocate General of the armed force of which he is a member.

The controversy thus narrows to whether the failure to comply with Article 27(b) is a matter affecting the jurisdiction of the court-martial or rather an error to be tested for prejudice under Article 59(a), UCMJ.

■ Because we do not view counsel as an integral part of the adjudicating tribunal known as a court-martial, the jurisdictional existence of which requires that it be properly convened and constituted,[3] we conclude that the error presented is not of jurisdictional magnitude. Article 16 of the Uniform Code specifies that a court-martial consists of a military judge and court members, not counsel. It is this adjudicating body which the Supreme Court has held "must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction." *McClaughry v. Deming,* 186 U.S. 49, 62, 22 S.Ct. 786, 791, 46 L.Ed. 1049 (1902); *accord, Runkle v. United States,* 122 U.S. 543, 555–56, 78 S.Ct. 1141, 30 L.Ed. 1167 (1887).

Counsel for the petitioner correctly note that in *United States v. Singleton,* 21 U.S.C.M.A. 432, 434, 45 C.M.R. 206, 208 (1972), this Court found jurisdictional error where neither the trial judge nor counsel had been appointed by the convening authority prior to commencement of the trial. In so holding, the language of *Singleton* was overly broad in attaching jurisdictional significance to the appointment of counsel, thereby making them an integral part of the adjudicating tribunal. Cf. *United States v. Goodson,* 1 U.S.C.M.A. 298, 3 C.M.R. 32 (1952). This portion of *Singleton* is also at odds with prior decisions of this Court as well as the Supreme Court which correctly have drawn a distinction between counsel and the Article 16 tribunal.

In *United States v. Durham,* 15 U.S.C.M.A. 479, 481, 35 C.M.R. 451, 453 (1965), we concluded that the participation of an unap-

---

cept he modified the assault to one of assault with a means likely to produce grievous bodily harm. The U.S. Navy Court of Military Review affirmed the findings and sentence as modified.

2. The trial counsel herein was neither a graduate of an accredited law school nor a member of the highest court of a State or of the bar of a Federal court. Article 27(b)(1), UCMJ. Rather, documents submitted by him to the Office of the Judge Advocate General of the Navy misrepresented such qualifications, thereby causing that office improperly to certify him as

competent to perform the duties of concern. Article 27(b)(2), UCMJ.

3. *United States v. Robinson,* 13 U.S.C.M.A. 674, 33 C.M.R. 206 (1963); *see United States v. Durham,* 15 U.S.C.M.A. 479, 35 C.M.R. 451 (1965); *United States v. Harnish,* 12 U.S.C.M.A. 443, 31 C.M.R. 29 (1961). *See also McClaughry v. Deming,* 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049 (1902); *Runkle v. United States,* 122 U.S. 543, 7 S.Ct. 1141, 30 L.Ed. 1167 (1887).

pointed assistant trial counsel was nonprejudicial and jurisdictionally had nothing to do with "bring[ing] into being a general court-martial." More recently, in *United States v. Walsh,* 22 U.S.C.M.A. 509, 47 C.M.R. 926 (1973), the failure to swear the trial counsel was held to be neither jurisdictional nor prejudicial error. These decisions are in accord with *Swaim v. United States,* 165 U.S. 553, 561, 17 S.Ct. 448, 41 L.Ed. 823 (1897), in which the Supreme Court concluded that the failure to swear and the failure to appoint the trial counsel (then called the judge advocate)[4] were matters of procedure not affecting the jurisdiction of a court-martial.

In contrast to *Swaim, Walsh,* and *Durham* are our decisions which have found similar defects in the appointment or swearing of the military judge, law officer, or court members to be jurisdictional in that the actual constitution of the Article 16 court-martial entity was affected. *See United States v. Kendall,* 17 U.S.C.M.A. 561, 38 C.M.R. 359 (1968);[5] *United States v. Durham, supra; United States v. Robinson,* 13 U.S.C.M.A. 674, 33 C.M.R. 206 (1963).

■ The rationale behind these separate lines of decisions leads us to conclude that no jurisdictional significance should be attached to Article 27 of the Uniform Code, as counsel merely augment the adjudicating tribunal and are not an integral part thereof. Defects in the appointment of trial counsel, Article 27(a), UCMJ, or in the qualifications of trial counsel, Article 27(b), UCMJ, are matters of procedure to be tested for prejudice. Article 59(a), UCMJ.

■ Nothing in the record before us suggests that the petitioner was substantially prejudiced by the participation of a non-lawyer trial counsel. Indeed, of the errors previously assigned in appellant's petition for grant of review and petition for a new trial, none alleged prosecutorial misconduct. We conclude, therefore, that while it was

error for a non-lawyer to participate as trial counsel in these general court-martial proceedings, the petitioner was not prejudiced thereby.

The petition for extraordinary relief is denied.

Judges COOK and PERRY concur.

---

4. *See United States v. Durham, supra* at 481, 35 C.M.R. at 453.

5. As was true with *United States v. Singleton,* 21 U.S.C.M.A. 432, 45 C.M.R. 206 (1972), *Ken-*

*dall* also was written with a broad brush necessitating partial modification in *United States v. Walsh,* 22 U.S.C.M.A. 509, 513, 47 C.M.R. 926, 930 (1973).