UNITED STATES

v.

**Airman First Class Michael E. WILSON, FR 225–78–2172, 36th Munitions Maintenance Squadron, Lowry Technical Training Center (ATC).**

**ACM 22030.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 Nov. 1975.

Decided 15 Oct. 1976.

684

Appellate Counsel for the Accused: Norman L. Blumenfeld, Washington, D. C.

Colonel Jerry E. Conner, Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a general court-martial, with members, the accused stands convicted, despite his pleas, of six specifications of wrongful possession, sale and use of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence is a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for three years, and reduction to the grade of airman basic.

Though numerous errors have been assigned by the accused and appellate defense counsel, we consider it necessary to address only a few. All others are either without merit or were adequately discussed in the review of the staff judge advocate and properly resolved adversely to the accused.

In the first contention of error we consider, appellate defense counsel claim the military judge erred in instructing the court members regarding corroboration of the testimony of a Government witness. The witness, a Sergeant named Fox, was a Government informant. Apart from the accused's confession as to some of the offenses, the case for the Government consisted almost exclusively of the testimony of Fox, who testified under a grant of immunity. Fox's credibility was vigorously challenged by the defense. Among other things, he admitted to extensive drug involvement both prior to and during his Government employment as an informant. He also admitted to having lied about his drug involvement (though not in connection with the accused), and that some of the testimony he had given in prior drug trials was inaccurate.

With respect to one of the offenses, a charge of wrongful possession of heroin, Fox testified that on 16 January 1975, he observed the accused and the accused's roommate in possession of heroin. Fox stated the two were going to Zaragoza Air Base, Spain, to perform temporary duty, and were in the process of preparing one-gram packets of heroin to take with them. The only other evidence presented by the Government concerning this offense consisted of a travel voucher (DD Form 1351–2, 1 July 1965) reflecting that on 16 January 1975, the accused proceeded to Zaragoza Air Base by military aircraft and performed temporary duty at that location.

In his instructions on findings, the military judge advised the court members that witness Fox, as to all offenses, was an accomplice as a matter of law. The judge properly instructed the members on the credibility of witnesses, with particular attention to the special criteria for evaluating the testimony of the accomplice. See Manual for Courts-Martial, 1969 (Rev.), paragraph 153a. He aptly instructed them that a conviction could not be based upon the uncorroborated testimony of an accomplice if such testimony were self-contradictory, uncertain or improbable, considered in light of his other instructions concerning factors bearing on a witness' credibility.

The military judge then instructed the members, also as a matter of law, that Fox's testimony was uncorroborated as to three of the offenses. As to the other three, including the heroin possession charge of present focus, he instructed that whether Fox's testimony was corroborated was a question of fact for the members' determination. Among other things, the judge specifically instructed the members that:

. . . in deciding whether or not the testimony of Sergeant Fox has been corroborated, you must examine all of the evidence in this case with a view to determining if there is other evidence, which, of itself, is of a substantial and confirming nature tending to connect the accused with the commission of the offenses. If

there is such other evidence, then the testimony of this witness is corroborated; if not, then there is no corroboration.

Appellate defense counsel charge that the foregoing circumstances add up to an erroneous ruling by the military judge that the travel voucher was corroborative evidence of witness Fox's testimony concerning the accused's possession of heroin. We do not agree.

The accomplice rule in military law is discussed in paragraph 153a of the Manual for Courts-Martial, supra. According to the rule, and as the military judge instructed, a conviction cannot be based upon the uncorroborated testimony of an accomplice if such testimony is self-contradictory, uncertain or improbable. The Manual treatment contains no specific definition of the term corroboration; nor has our research revealed any case of the United States Court of Military Appeals interpreting its meaning.

■ Recourse to civilian case law discloses the prevalent view in jurisdictions requiring corroboration of an accomplice's testimony to be that the corroborative evidence must be independent of the accomplice's testimony and connect the accused with the commission of the offense. *Ing v. United States*, 278 F.2d 362 (9th Cir. 1960); *Arnold v. United States*, 94 F.2d 499 (10th Cir. 1938) (both cited to our attention by appellate defense counsel); see Wigmore on Evidence (3rd ed.) § 2059; 23 C.J.S. Criminal Law §§ 809–812, and cases cited therein; 30 Am.Jur.2d, Evidence, §§ 1151, 1153. This meaning was adopted by our sister Navy Court of Military Review in *United States v. Thompson*, 44 C.M.R. 732 (N.C.M.R.1971). We find the position taken by the Court is well supported by both authority and reason. Absent higher military case law or regulation to the contrary, we agree that this definition of corroboration should be followed in trials by courts-martial.

■ In the case at hand, it is readily apparent that the explanation of corroboration contained in the military judge's quoted instruction is entirely consistent with the

definition we have determined applicable in accomplice situations. Furthermore, the military judge did more than provide the member a definition of corroboration. He specifically instructed them that they were required to examine the evidence and determine whether there was corroboration for Fox's testimony. Though, in light of the definition, the military judge was technically in error in submitting the question of corroboration to the court members rather than informing them, as he did with three other offenses, that Sergeant Fox's testimony was uncorroborated, we perceive no prejudicial harm to the accused from such action. See *United States v. Diaz*, 22 U.S. C.M.A. 52, 46 C.M.R. 52 (1972). Contrary to the assertion of appellate defense counsel, the instruction given by the military judge did not advise the court members that the travel voucher corroborated Fox's testimony. It merely told them they were to decide such question within the instructional guidelines provided. Inasmuch as they were fully and properly instructed on the matter, there is no danger the members were misled to believe they had no duty to scrutinize Sergeant Fox's testimony concerning the offense.

Guided by the instructions, the court members found the accused guilty of the offense. In so doing, they implicitly determined that Fox's testimony was uncontradictory, certain, and probable, as they similarly must have found respecting the three offenses the judge instructed them were uncorroborated. On the basis of our scrutiny, we too are satisfied that Fox's testimony respecting this offense, and the others, was not self-contradictory, uncertain, or improbable. Though the travel voucher evidence could not be considered corroboration within the meaning of the Manual rule, it nevertheless is deserving of some probative value in the overall evaluation of Fox's credibility. In the circumstances, the uncorroborated testimony of accomplice Fox sufficed to establish the accused's guilt beyond a reasonable doubt.

In a related assertion, appellate defense counsel contend the military judge similarly erred by instructing the members that the matter of corroboration of Fox's testimony as to the other two offenses was a question of fact for their determination. Respecting these offenses, charges of wrongful sale and use of heroin, the only evidence apart from Fox's testimony was the accused's confession. Counsel posit that the confession, which itself is inadmissible unless corroborated by independent evidence, cannot be considered corroborative of Fox's testimony. In support of this position, they urge application of the principle that the testimony of one accomplice is not corroborative of the testimony of another. *United States v. Thompson*, 44 C.M.R. 732 (N.C.M.R.1971). We decline the invitation.

As correctly noted by appellate government counsel, in *United States v. Allums*, 5 U.S.C.M.A. 435, 18 C.M.R. 59, 62 (1955), the United States Court of Military Appeals held that a confession of the accused, if shown to be voluntary, constitutes substantial corroboration of an accomplice's testimony. *United States v. Mule*, 45 F.2d 132 (2d Cir. 1930); 23 C.J.S., supra, § 812(4)d. Here, the voluntariness of the accused's confession was fully established by the Government, and it was properly admitted in evidence. The members were accordingly entitled to examine the wording thereof and, as they were told in the military judge's instruction, determine if such language confirmed Sergeant Fox's testimony as to the offenses. Undoubtedly the members were convinced, as are we, that the accused's confession substantiated and confirmed the witness' testimony respecting the offenses.

In another of their assigned errors, appellate defense counsel contend the court-martial lacked jurisdiction because defense counsel were not properly detailed. The basis for this claim is what appears to be an administrative mistake in the convening order.

The case was referred to trial by an order which designated Lieutenant Colonel Thomas N. Williams as defense counsel, and Capt. Gerald F. Bennett as assistant defense counsel. (Special Order AB–44, DAF,

HQ USAFE, 29 October 1975.) Both were shown to be certified in accordance with Article 27(b) of the Uniform Code, supra, previously sworn in accordance with Article 42(a) of the Code, and properly designated for detail by The Judge Advocate General. An amending order in the record, which, though not available at the time of trial, was orally announced by the trial counsel, inexplicably purports to detail a Captain Robert P. Hailey as defense counsel and relieve Lieutenant Colonel Williams of that function. (Special Order AB–48, DAF, HQ USAFE, 13 November 1975.) In announcing the amending order, the trial counsel made no mention of the defense counsel change-presumably because he, like the other participants at trial, was not aware of it.

■ On the authority of *United States v. Wright*, 2 M.J. 9 (16 July 1976), we initially conclude that appellate defense counsel are in error in ascribing jurisdictional significance to the defect. In the *Wright* decision, Chief Judge Fletcher, speaking for a unanimous Court, declared that an error in the appointment of counsel to a court-martial is not of jurisdictional magnitude, and that the language of *United States v. Singleton*, 21 U.S.C.M.A. 432, 45 C.M.R. 206 (1972), to the contrary was "overly broad," and "at odds with prior decisions of the Court as well as the Supreme Court. . . . " The Court concluded that no jurisdictional significance should be attached to Article 27 of the Uniform Code, supra, (detail of trial counsel and defense) "as counsel merely augment the adjudicating tribunal and are not an integral part thereof." On that basis, the Court continued, appointment defects respecting counsel "are matters of procedure to be tested for prejudice. Article 59(a), UCMJ."

Though *Wright* dealt specifically with the matter of an appointed trial counsel who was shown to be unqualified within the meaning of Article 27(b), Code, supra, the discussion makes it clear that the same result obtains in the case of errors in the appointment of defense counsel. Accordingly, as in *Wright*, the defect we here examine is procedural in nature, not jurisdictional, and must be tested for prejudice to the substantial rights of the accused.

Here, Lieutenant Colonel Williams was appointed as defense counsel by the convening authority when the case was referred to trial. And, in spite of his purported relief from duty as defense counsel, he appeared on the accused's behalf during all stages of the trial. On the other hand, Colonel Williams' putative replacement, Captain Hailey, neither appeared nor was mentioned during the trial. Most significantly, at the outset of the trial the military judge thoroughly advised the accused of his rights to counsel in accordance with the requirements of *United States v. Donehew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969). The colloquy between the judge and the accused incorporates all elements of Article 38(b), Code, supra, and reflects the accused's full understanding of his entitlements thereunder. *United States v. Donehew*, supra, at page 152. At the conclusion of the discussion, the accused, fully aware of his right to be represented by military counsel of his own selection, if reasonably available, asserted a desire to be represented only by Lieutenant Colonel Williams and Captain Bennett.

■ Though, understandably, no inquiry was made by the military judge to specifically determine whether the accused consented to the absence of Captain Hailey, we readily conclude that this was an irregularity which under the circumstances was waived by the accused. *United States v. Donehew*, supra; see *United States v. Koren*, 17 U.S.C.M.A. 513, 38 C.M.R. 311 (1968); *United States v. Tovalilla*, 17 U.S.C.M.A. 395, 38 C.M.R. 193 (1968). We further conclude there is not the slightest indication in the record the accused was substantially prejudiced by the procedural defect in the convening orders.

■ In the next assignment of error we consider, appellate defense counsel challenge the propriety of the "general deterrence" aspect of the trial counsel's sentencing argument. *United States v. Mosely et al.*, 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1

M.J. 350 (1976); *United States v. Miller*, 24 U.S.C.M.A. 181, 51 C.M.R. 400, 1 M.J. 357 (1976).

Having carefully scrutinized the argument, we are satisfied that the trial counsel's references to deterrence, particularly when considered in the context of the argument as a whole, did not exceed the bounds of propriety. Though he admittedly asked for a sentence that would have, among other things, a consequential deterrent effect on the accused as well as others, we do not construe his remarks as calling for an increase in punishment beyond what was warranted by the evidence in order to achieve that purpose. *United States v. Mosely*, supra; *United States v. Davic*, 1 M.J. 865 (A.F.C.M.R. 18 May 1976) pet. denied (6 August 1976). Moreover, having scrutinized the record, we are satisfied that the sentence adjudged, especially in terms of the maximum authorized, is in no manner inappropriately severe. We accordingly perceive no reasonable likelihood the accused suffered prejudice. *United States v. Bates*, 1 M.J. 841 (A.F.C.M.R. 12 April 1976).

■ In the final assertion of error we address, appellate defense counsel aver the accused was prejudiced as to sentence by being charged under Article 134, Code, supra, for the drug offenses, rather than Article 92. See *United States v. Courtney*, 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 and *United States v. Jackson* [order] (both dated 2 July 1976). Granting there was a substantial difference in the calculated maximum punishment on the basis of the manner of charging—60 years confinement, versus 12 years had the offenses been charged under Article 92—we are of the opinion that no curative action is appropriate.

In the first place, the three years of confinement at hard labor adjudged by the court members represents only one-fourth of the Article 92 maximum. The six heroin offenses of which the accused stands convicted are very serious in nature, and, on the basis of the record as a whole, the sentence imposed is by no means dispropor-

tionately severe. In our judgment, it is unlikely the court members were appreciably influenced to the accused's detriment by the greater maximum punishment exposure resulting from the Article 134 charging.

Moreover, without reference to speculative considerations of possible influence on the court members, sentence reassessment action is not required in this case for the reasons stated in our recent decisions of *United States v. De La Fuente*, 2 M.J. 668 (A.F.C.M.R. 16 September 1976), and *United States v. Sasportas*, 2 M.J. 676 (A.F.C.M.R. 23 September 1976). In *De La Fuente*, where the concern was the providency of guilty pleas entered in the belief that penalties for Article 134 rather than Article 92 violations applied, we held, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and *United States v. Walter*, 20 U.S.C.M.A. 767, 43 C.M.R. 207 (1971), that *United States v. Courtney*, supra (and the other cases of the Court of Military Appeals containing related issues) have only *prospective* application. In *Sasportas*, we held, citing *United States v. Frangoules*, 1 M.J. 467 (3 September 1976), and *United States v. Walter*, supra, that sentence reassessment was not required because the sentence imposed by the court was based upon the correct calculation of the maximum punishment applicable *at the time of sentencing*.

Since this case, like *Sasportas*, was tried before *Courtney* was decided, the calculated maximum punishment of 60 years confinement was accurate in terms of then applicable military case law, as exemplified by *United States v. Walter*, supra. For that reason, and on the additional basis of our belief that the referenced recent decisions of the Court of Military Appeals have prospective application to the matter of providency of guilty pleas and to the sentencing issue of this case as well, reassessment is not appropriate.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

HERMAN, Judge, joined by BUEHLER, Senior Judge, concurring in the result:

I concur with the reasoning of Judge Orser that the accused was not prejudiced because he was charged under Article 134, Uniform Code of Military Justice. I do not find it necessary, however, to decide whether the use of the greater punishment was erroneous. I confine my decision in this issue specifically to that rationale which states (1) that the sentence was not disproportionately severe in terms of the serious offenses of which the accused was found guilty, and (2) it is unlikely that the court members were influenced by the instruction with respect to the maximum confinement permissible.