**UNITED STATES, Appellee,**

v.

**George W. BATTS, Jr., Corporal, U. S. Marine Corps, Appellant.**

No. 32,961.

NCM 74-2467.

U. S. Court of Military Appeals.

Oct. 11, 1977.

Lieutenant Robert R. Sparks, Jr., JAGC, USNR, argued the cause for Appellant,

Accused. With him on the brief were Donald A. Timm, Esquire, Lieutenant Howard L. Schwartz, JAGC, USNR, and Captain Joseph F. Smith, USMCR.

Captain W. D. Blalock, USMCR, argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel P. N. Kress, USMC.

Opinion of the Court

PER CURIAM:

The appellant was convicted by general court-martial of conspiracy to commit murder and attempted murder, in violation of Articles 81 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 880, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 5 years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The United States Navy Court of Military Review affirmed the conviction and the sentence except for confinement in excess of 4 years. We granted review to determine whether the appellant's civilian defense counsel who was not certified by a Judge Advocate General to practice before a court-martial and was not admitted to the practice of law by any state or jurisdiction in the United States was qualified to represent appellant at his trial.

At the Article 32[1] hearing, which was held at the United States Naval Base, Subic Bay, Republic of the Philippines, the appellant was represented by Ms. Fidela Y. Vargas, a member of the Philippine bar, but not licensed to practice before any American Court. Following referral of charges, the Article 39(a)[2] session was moved to Okinawa but apparently Ms. Vargas could not attend because of the distance. At that session, the appellant took the stand and told the military judge that he particularly desired Ms. Vargas to defend him at his court-martial. He also stated that she had interviewed him and his witnesses several times and had represented him at his Arti-

1. Uniform Code of Military Justice, 10 U.S.C. § 832.

2. UCMJ, 10 U.S.C. § 839(a).

cle 32 hearing. Thereupon, his detailed military lawyer and Mr. Donald A. Timm, the civilian attorney who is presently representing the appellant on this appeal, vigorously argued to the trial court that the appellant's court-martial would be without jurisdiction if it proceeded in Okinawa without the presence and participation of Ms. Vargas as the appellant's attorney. They insisted that the locus of the trial be moved back to Subic Bay in order to make it possible for Ms. Vargas to represent the appellant. The place of trial was thereupon changed to Subic Bay, and the appellant was defended by Ms. Vargas as he had wished. The appellant also was defended by his detailed military counsel, a Navy lieutenant who was a member of the Judge Advocate General's Corps and certified in accordance with Article 27(b) [3].

The appellant now argues before us that his Philippine lawyer was not qualified to undertake his defense because she was not a member of an American Bar [4] and was not certified as a lawyer by the Judge Advocate General of the United States Navy.[5]

3. UCMJ, 10 U.S.C. § 827(b).

4. It is not claimed herein that Ms. Vargas is not licensed as a lawyer by the Philippine authorities. She was a graduate of the Manuel E. Quezon School of Law.

5. We believe that it is not good faith advocacy for Mr. Timm to argue at trial that the appellant was statutorily entitled to Ms. Vargas' representation, and then, only after the appellant received an adverse verdict, flipflop on this appeal to argue that the appellant is entitled to a new trial because he was not entitled to Ms. Vargas' representation. *See, e. g.*, Canon 7, Code of Professional Responsibility. Unfortunately, the disastrous consequence of this style of advocacy is that it utterly detracts from, as well as poorly reflects upon, the merits urged.

6. Article 38(b), UCMJ, 10 U.S.C. § 838(b), provides as follows:
    The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available or by the defense counsel detailed under section 827 of this title (article 27). Should the accused

*See United States v. Woods*, 39 C.M.R. 922 (A.F.B.R.1968); *United States v. George*, 35 C.M.R. 801 (A.F.B.R.1968), *aff'd*, 15 U.S.C.M.A. 542, 36 C.M.R. 40 (1965) (Ms. Vargas was specifically recognized as qualified to represent an accused at the trial level. 35 C.M.R. at 805–06.) *Cf.* paragraph 48*a*, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Crocker*, 35 C.M.R. 725 (A.F.B.R.1964), *petition denied*, 15 U.S.C.M.A. 677 (1965); *United States v. Kraskouskas*, 9 U.S.C.M.A. 607, 26 C.M.R. 387 (1958). We conclude, however, that it is unnecessary to decide whether the appellant's chosen counsel was qualified within the intent of Article 38(b) of the Code [6] and paragraph 48*a* of the Manual,[7] since, even assuming error, it was neither jurisdictional [8] nor prejudicial. In addition to Ms. Vargas, the appellant was represented by a qualified, certified military attorney who was detailed for that purpose. The record reveals that his participation was active and vigorous. Our attention has not been directed to any failure on the part of the attorneys to take necessary action on behalf of the appellant, *see, e. g.*, *United*

have counsel of his own selection, the defense counsel, and assistant defense counsel, if any, who were detailed, shall, if the accused so desires, act as his associate counsel; otherwise they shall be excused by the military judge or by the president of a court-martial without a military judge.

7. Paragraph 48*a*, Manual for Courts-Martial, United States, 1969 (Revised edition), provides in pertinent part that:
    [Quotation of Article 38(b) omitted.]
    Only a person qualified under Article 27(b) or otherwise qualified as a lawyer may act as individual counsel or represent an accused before a general court-martial or a special court-martial at which a bad-conduct discharge may be adjudged. Even at his own insistence after full advice an accused may not be represented by a person who does not fall within one of these categories. * * *

8. *See Wright v. United States*, 24 U.S.C.M.A. 290, 52 C.M.R. 1, 2 M.J. 9 (1976) (holding that absence of a qualified trial counsel in a court-martial did not constitute an error of jurisdictional magnitude necessitating that the accused's conviction be set aside.)

*States v. Rivas*, 3 M.J. 282 (C.M.A.1977) and none affirmatively appears in the record of trial. The suggestion that the appellant was somehow prejudiced because Ms. Vargas lacked thorough comprehension of the use of character evidence is not supported by the record.

The decision of the United States Navy Court of Military Review is affirmed.