**UNITED STATES**

v.

**William T. HICKS, Jr., 243 94 1166, Engineman Fireman Apprentice, (E–2), U. S. Navy.**

**NCM 78 1421.**

U. S. Navy Court of Military Review.

Sentence Adjudged 6 July 1978.

Decided 31 Oct. 1978.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

CDR T. C. Watson, Jr., JAGC, USN, Appellate Government Counsel.

Before BAUM, MICHEL and GRANGER, JJ.

BAUM, Senior Judge:

Appellant was tried on 23 May and 6 July 1978 by a special court-martial convened by the Commanding Officer, Naval Station, Charleston, South Carolina. The appointing order of 30 March 1978, as amended on 8 May, detailed two Lieutenants of the Navy Judge Advocate General's Corps as trial counsel and assistant trial counsel. When the court was called to order on 23 May 1978, the military judge noted that neither of these counsel were present but that another member of the Judge Advocate General's Corps was appearing on behalf of the Government. No written amendment to the appointing order detailing this officer is attached to the record, nor is there any indication that his presence resulted from an oral modification of that order. It, therefore, does not appear of record that an appointed counsel for the Government was present at the session held on 23 May 1978. It was error to proceed in this fashion. However, in light of *Wright v. United States*, 2 M.J. 9 (C.M.A.1976), we deem that such error was not jurisdictional.

In *Wright*, the trial counsel who prosecuted the general court-martial was appointed in writing by the convening authority, but was later discovered to be unqualified to appear as counsel. The Court of Military Appeals found that appointment of counsel who did not meet the qualifications of Article 27(b), Uniform Code of Military Justice, 10 U.S.C. § 827, did not deprive a court-martial of jurisdiction. In so holding, the Court stated:

. . . we do not view counsel as an integral part of the adjudicating tribunal known as a court-martial, the jurisdictional existence of which requires that it be properly convened and constituted . . . .. Article 16 of the Uniform Code specifies that a court-martial consists of a military judge and court members, not counsel. It is this adjudicating body which the Supreme Court has held 'must be convened and constituted in en-

tire conformity with the provisions of the statute, or else it is without jurisdiction.'[1] This language leads us to the conclusion that a trial proceeding conducted without an appointed trial counsel is not without jurisdiction. It is, as said in *Wright*, "rather an error to be tested for prejudice under Article 59(a), UCMJ [10 U.S.C. § 859(a)]."[2]

■ Appellant has neither assigned this error nor asserted any prejudice. We find error but no prejudice. Accordingly, the findings and sentence approved below are affirmed.

Judge MICHEL and Judge GRANGER concur.

1. 2 M.J. 10.

2. *Id.*