**UNITED STATES**

v.

**Staff Sergeant James N. DAIGNEAULT, FR 004–62–9794 United States Air Force.**

**ACM 24204.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 Nov. 1983.

Decided 13 April 1984.

---

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

### DECISION

FORAY, Senior Judge:

Tried by general court-martial with members, the accused was convicted, pursuant to his pleas, of six offenses involving the wrongful use, possession, transfer, and distribution of marijuana. He was sentenced to a bad conduct discharge, confinement at hard labor for six months, reduction to the rank of airman basic, and a fine of $1,000.00.

Come now appellate defense counsel complaining that the court-martial convicting the accused was without jurisdiction to do so. Specifically, it is claimed:

NEITHER THE RECORD OF TRIAL NOR THE CONVENING ORDER DEMONSTRATE (SIC) THAT THE TRIAL COUNSEL WAS QUALIFIED IN ACCORDANCE WITH ARTICLE 27(b), U.C.M.J., 10 U.S.C. § 827(b), AND THUS THE COURT–MARTIAL WAS WITHOUT JURISDICTION.

At the outset of the trial the assistant trial counsel announced the court was convened pursuant to a special order dated 19 September 1983, as amended by two other special orders dated 28 October and 2 November 1983, respectively. The first of the two amending orders appointed a military judge, trial counsel, and one court member to replace some of the personnel of the court as originally constituted. The second

amending order dealt only with the replacement of court members.

The amending order replacing the original trial counsel with another, contained the paragraph:

CAPT [C] ..., certified, designated, and assigned in accordance with Article 26(b) and (c), (JAGO 1, 1 Jan 83), and previously sworn in accordance with Article 42(a), and designated for detail by TJAG, is detailed TRIAL COUNSEL of the general court-martial convened by Special Order ..., vice CAPT [A], ..., relieved.

The assistant trial counsel went on to state that the legal qualifications of the newly detailed trial counsel were correctly stated in the amending order.

Appellate defense counsel is correct in contending that neither the convening order nor the record of trial reflects that trial counsel was properly qualified to so act. The amendment to the original order shows that the officer detailed as trial counsel possessed the qualifications of a military judge and not a trial counsel. To show that the trial counsel was duly qualified to perform in the accused's general court-martial the amending order should have read as follows:

CAPT [C], ..., HQ USAF Judiciary, ..., TRIAL COUNSEL, certified in accordance with Article 27(b) (JAGO 1, 1 Jan 83), and previously sworn in accordance with Article 42(a).[1]

██ The question then remains as to whether the failure of the convening order and record of trial to show Captain [C] was qualified pursuant to U.C.M.J., Article 27(b), was an error of jurisdictional proportion. We think not.

██ A trial counsel detailed to a general court-martial within the Air Force must be an officer who is a judge advocate, who is a graduate of an accredited law school or is a member of the bar of a Federal court or of the highest court of a state; or must be a member of the bar of a

Federal court or of the bar of the highest court of a state; and has been certified by The Judge Advocate General, United States Air Force, as competent to perform such duties. U.C.M.J., Article 27(b). The orders convening a general court-martial must specifically set forth those qualifications required of trial counsel. A statement in the convening order to the effect that counsel is certified as competent to perform such duties by The Judge Advocate General is sufficient to show that the officer so certified is fully qualified as prescribed by Article 27(b)(1). M.C.M., paragraph 6b.

Pursuant to M.C.M., paragraph 8, the jurisdiction of a court-martial is conditioned upon the following requisites:

That the court was convened by an official empowered to convene it; that the membership of the court was in accordance with the law with respect to number and competency to sit on the court; and that the court was invested by Congress to try the person and the offense charged.

The Manual provision does not include listings of the qualifications of the trial counsel detailed to the court as one of the requisites of the court's power to try and determine a case. Article 16, U.C.M.J., 10 U.S.C. § 816 is likewise silent.

██ In *Wright v. United States*,[2] the Court of Military Appeals considered whether the failure to comply with Article 27(b) was a matter affecting the jurisdiction of the court which tried and convicted the accused or was rather an error to be tested for prejudice under Article 59(a), U.C.M.J., 10 U.S.C. § 859(a). The Court said:

Because we do not view counsel as an integral part of the adjudicating tribunal known as a court-martial, the jurisdictional existence of which requires that it be properly convened and constituted, we conclude that the error presented is not of jurisdictional magnitude. Article 16 of the Uniform Code specifies that a

---

1. M.C.M., 1969 (Rev.), Appendix 4; A.F.R. 10–7, Administrative Orders, Figure 2–13 (30 Sep 1981).

2. 2 M.J. 9 (C.M.A.1976).

court-martial consists of a military judge and court members, not counsel.

The Court concluded that no jurisdictional significance should be given to Article 27, because counsel "merely augment the adjudicating tribunal and are not an integral part thereof." Defects in either the appointment of trial counsel or in the qualifications of counsel are procedural matters to be tested for prejudice. Articles 27(a), 27(b), and 59(a), U.C.M.J.

Finding no jurisdictional defect regarding the matter before us, we now test for prejudice. The accused's pleas of guilty were provident and voluntarily made. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). His pleas were entered into pursuant to a pretrial agreement also providently and voluntarily made. *United States v. Green*, 1 M.J. 453 (C.M.A. 1976). The sentence adjudged was well below the maximum authorized. No prosecutorial misconduct is alleged or otherwise indicated. *United States v. Wright, supra.* Therefore, we do not find any error materially prejudicing the substantial rights of the accused regarding the defect. Article 59(a), U.C.M.J.

Because of our disposition of the assigned error, appellate government counsel's Motion for Leave to File Affidavit and Supporting Documents is denied.[3]

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

HODGSON, Chief Judge, and MILLER, Judge, concur.

---

**3.** We judicially note that JAG ORDER Number 1, dated 1 January 1983, lists Captain [C], the appointed trial counsel, as being certified as competent to perform the duties of Trial and Defense Counsel by The Judge Advocate General, United States Air Force, pursuant to Article 27(b), U.C.M.J., and that he continued to be qualified at the time of the trial of this case. *United States v. Williams*, 17 M.J. 207 (C.M.A. 1984).