**UNITED STATES**

v.

**Technical Sergeant Gary D. SPARKS, FR 283–54–7748, United States Air Force.**

**ACM 26433.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 Aug. 1987.

Decided 23 May 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Lynne H. Wetzell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Morris A. Tanner, Jr. and Captain Jeffrey H. Curtis.

Before SESSOMS, LEWIS and BLOMMERS, Appellate Military Judges.

## DECISION

BLOMMERS, Judge:

The appellant stands convicted of use of cocaine after the discovery of its metabolite, benzoylecgonine, during urinalysis testing. The sentence, as adjudged by members and approved by the convening authority, is a bad conduct discharge and reduction to airman basic (E-1). The appellant now contends that his detailed trial defense counsel was statutorily barred from acting as his counsel.

The Charge and its Specification were preferred against the appellant on 21 April 1987. Through completion of the Article 32 Investigation the appellant was represented by Captain W., an area defense counsel assigned to Nellis Air Force Base, the situs of this trial proceeding. The charges were referred to trial on 27 May 1987. Captain H. was detailed as Government Representative during the Article 32 hearing (R.C.M. 405(d)(3)(A)) and performed all duties normally associated with that position. He also appears to have been detailed as trial counsel for some period of time thereafter, since he served the charges on the appellant on 28 May 1987 in that capacity (R.C.M. 602), and on 1 June indorsed a defense request for delay of the trial originally scheduled to commence on 3 June. In late June or early July 1987, Captain H. was transferred from the base legal office and became one of the base's area defense counsel. Shortly thereafter he was detailed to represent the appellant, and did so throughout the trial. During the initial session of the trial Captain H. brought his prior involvement in the case to the attention of the military judge. As to how it came about, Captain H. stated:

And knowing that I, at the end of June or the early part of July, would be the area defense counsel, I knew that I would no longer, most probably, be detailed as trial counsel any further to the case.

I did not at that time understand—as I feel my perception is now—that I would be barred from defending Sergeant Sparks.

With two urinalysis cases back to back that Captain [W.] was to be defending, I offered my services that I might take either one of those cases. She suggested the case of—I'm not exactly sure how it was that Sergeant Sparks' case was suggested. He had in fact requested independent defense counsel, ... [a counsel] from the Circuit, and that request was turned down because of his unavailability, ....

That being the case, late, late in the week of, I believe, June 27 through July 3, ... I was approached by Sergeant Sparks who indicated to me that yes, he would be willing to use my services as his defense counsel.

That is the extent of the record as to the formation of the attorney-client relationship between Captain H. and the appellant and the severance of that relationship with Captain W.[1]

Article 27(a)(2), U.C.M.J., 10 U.S.C. § 827(a)(2), provides:

No person who has acted as investigating officer, military judge, or court member in any case may act later as trial counsel, assistant trial counsel, or, unless expressly requested by the accused, as defense counsel or assistant or associate defense counsel in the same case. No person who has acted for the prosecution may act later in the same case for the defense, nor may any person who has acted for the defense act later in the same case for the prosecution.

---

1. The brevity of the record in this regard concerns us, although it is not of consequence to resolution of the principal issue we will be addressing. After the formation of an attorney-client relationship, with an exception not applicable here, it may be severed only upon express request of the accused or for other good cause shown on the record. *See generally* R.C.M. 505(d)(2), 506(c), and 813(c). *See also United States v. Timberlake,* 22 U.S.C.M.A. 117, 46 C.M. R. 117 (1973); *United States v. Massey,* 14 U.S.C.M.A. 486, 34 C.M.R. 266 (1964). No issue has been raised as to the change of counsel in this case, and we are convinced that the appellant desired to be represented at trial by Captain H., and by no one else. However, when changes in counsel are made after formation of an attorney-client relationship, that fact and the reason therefor should be clearly set forth on the record.

*See also* R.C.M. 502(d)(4); ABA Standards for Criminal Justice, The Defense Function, Std. 4–3.5, and Commentary at 4.44–4.45 (2d Ed. 1982 Supp., Vol. I). Further, once an attorney-client relationship has been formed, an attorney is bound by his professional duty not to divulge information protected by the attorney-client privilege under the law, or use such information to the disadvantage of his client, be the client a government, a private entity or individual person. ABA Code of Professional Responsibility, EC 4–5 and DR 4–101. In general, these standards are applicable to Air Force military justice proceedings. Air Force Regulation 111–1, Military Justice Guide, para. 1–9 (1 August 1984). Elaborating upon the above codal provision, paragraph 61 f(4) of the Manual for Courts–Martial, 1969 (Rev.), stated in part:

> If it appears that any member of the defense has previously acted in the same case for the prosecution, he will be excused forthwith. If a member of the defense is the accuser or has participated in the case as an investigating officer, military judge, or court member, he will be excused unless the accused expressly requests his services.

Under these provisions, it appears that a counsel who has formed an attorney-client relationship with the government would be statutorily barred *per se* from subsequently serving as defense counsel in the same case, whereas one whose participation did not require formation of an attorney-client relationship, albeit technically acting for the government, would be barred from subsequently serving as defense counsel unless "the accused expressly requests his services." This analysis comports with that of the Court of Military Appeals in *United States v. Catt*, 1 M.J. 41 (C.M.A. 1975), the seminal case interpreting the meaning of these provisions. In *Catt*, a member of the defense team had previously assisted in the preparation of the pretrial advice to the convening authority in the same case. His assistance extended only to summarizing the testimony of several witnesses given at the Article 32 Investigation. The Court found that this involvement did not establish an attorney-client

relationship between the counsel and the prosecution which gave him special knowledge about the prosecution's case. His prior involvement was certainly less than the Article 32 investigator (who has a statutory duty to make a recommendation for or against trial on the charges), therefore he was not prohibited from serving as a defense counsel if requested by the accused. The accused having made such a request, removal of this counsel by the military judge was reversible error. However, neither appellate counsel's nor our research has disclosed a military case which dealt with the precise issue we are facing in this case: the continued representation of the appellant by a counsel who had clearly formed an attorney-client relationship for the prosecution. *Cf., United States v. Williams*, 21 U.S.C.M.A. 459, 54 C.M.R. 233 (1972); *United States v. Coleman*, 19 U.S.C.M.A. 524, 42 C.M.R. 126 (1970); *United States v. Green*, 5 U.S.C.M. A. 610, 18 C.M.R. 234 (1955) (general prejudice found where counsel appointed to represent the accused subsequently assisted the prosecution).

Interestingly, the clearly prohibitive language contained in the 1969 Manual, that a defense counsel who has previously acted "for the prosecution ... will be excused forthwith," has not been carried over in the 1984 Manual, either directly or by reference. However, the new Manual's drafters indicate that there are both waivable and non-waivable disqualifications. R.C.M. 901(d)(3) provides: "If it appears that any counsel may be disqualified, the military judge shall decide the matter and take appropriate action." The Discussion section under Rule 901(d) states in part:

> If the disqualification of trial or defense counsel is one which the accused may waive, the accused should be so informed by the military judge, and given the opportunity to decide whether to waive the disqualification. In the case of defense counsel, if the disqualification is not waivable or if the accused elects not to waive the disqualification, the accused should be informed of the choices avail-

able and given the opportunity to exercise *such options.*

If any counsel is disqualified, the military judge should ensure that the accused is not prejudiced by any actions of the disqualified counsel or any break in representation of the accused.

Disqualification of counsel is not a jurisdictional defect; such error must be tested for prejudice. [Emphasis added.]

(No further guidance as to what these options might be is given.) The statement that disqualification of counsel is not jurisdictional is based upon case law. M.C.M., 1984, App. 21, Analysis, at A21–45. In *Wright v. United States,* 2 M.J. 9 (C.M.A. 1976), Chief Judge Fletcher, speaking for a unanimous court, stated, "... that no jurisdictional significance should be attached to Article 27 of the Uniform Code, as counsel merely augment the adjudicating tribunal and are not an integral part thereof." *Id.* at 11. The Court held that defects in either the appointment or qualification of counsel are matters of procedure to be tested for prejudice. Article 59(a), U.C.M.J., 10 U.S.C. § 859(a) *See also United States v. Williams, supra; United States v. Wilson,* 2 M.J. 683 (A.F.C.M.R. 1976). We choose to follow these precedents and the advisory language contained in the Manual. *But see United States v. Coleman, supra,* where the court reversed the conviction because defense counsel was named in appointing orders as trial counsel and the record contained no later orders relieving him of that designation. This result was reached despite the fact that the accused accepted the officer in question as his counsel and the record established that he had not in fact acted for the prosecution or in any other prohibited capacity.

■ Suffice it to say that under the above quoted language of Article 27(a) of the Uniform Code, Captain H. was statutorily disqualified to represent the appellant. But was the appellant in any way prejudiced? We find that he was not. If there was any prejudice arising from this attorney-client relationship, it flowed to the Government, not the appellant. We reach this conclusion based upon the following matters established in the record: (1) a comprehensive inquiry into the situation made by two military judges detailed to the case, including detailed advice to the appellant about the problem and its ramifications;[2] (2) the appellant's express desire to be represented by Captain H. even after a three-week continuance in the proceedings during which he was advised to think carefully about his choice of counsel and that substitute counsel would be provided if he so desired; and (3) the tenacious representation provided by Captain H. throughout the trial. *See United States v. Davis,* 3 M.J. 430 (C.M.A. 1977). We also note the lack of any objection by the Government as to Captain H. serving as detailed defense counsel.

■ Indeed, as pointed out by appellate government counsel, had the military judge barred Captain H. from representing the appellant, we would now quite likely be facing a claim that his constitutional right to counsel had been violated. *See, e.g., United States v. Hanson,* 24 M.J. 377 (C.M.A. 1987); *United States v. Herod,* 21 M.J. 762 (A.F.C.M.R. 1986). Appellate government counsel also note in their reply brief that:

> ... if an accused can waive his right to counsel and represent himself upon a judge's determination that he is mentally competent and clearly expresses his desire to act as his own lawyer, *United States v. Mogavero,* 20 M.J. 762 (A.F.C. M.R. 1985), it seems absurd that he cannot waive a disqualifying conflict and be represented by counsel of choice.

We find no fault in this logic.

While we find no basis to grant the relief requested (that the findings and sentence be set aside), that does not mean we look upon this situation with favor. As we have pointed out, there are ethical as well as legal problems involved. The formation of attorney-client relationships such as the one that occurred in this case easily can, and should, be avoided.

**2.** We commend both trial judges involved for their careful and astute handling of this issue.

We find the other asserted errors to be without merit. *See United States v. Ford,* 23 M.J. 331 (C.M.A. 1987); *United States v. Harper,* 22 M.J. 157 (C.M.A. 1986); *United States v. Fisher,* 21 M.J. 327 (C.M.A. 1986) (regarding what constitutes plain error); *United States v. Strangstalien,* 7 M.J. 225 (C.M.A. 1979); *United States v. Bassano,* 23 M.J. 661 (A.F.C.M.R. 1986); R.C.M. 920(f). Accordingly, the findings and sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge SESSOMS and Judge LEWIS concur.